# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**EDMUND WILLIAMS, et al.,**
        **Plaintiffs,**

       v.                                                             Case No. 11-C-0171

**C & D TECHNOLOGIES, INC.,**
        **Defendant.**

---

## DECISION AND ORDER

Wisconsin requires employers to count time that their employees spend on breaks of less than thirty minutes as compensable time worked. Wis. Admin. Code DWD §§ 272.12(2)(c) & 274.02(3). Despite this requirement, the United Steelworkers and C & D Technologies, Inc. ("C & D") entered into a collective bargaining agreement that allows C & D to count portions of breaks shorter than thirty minutes as unpaid time. Specifically, the agreement allows employees who work in C & D's casting department three breaks per shift: one twenty-minute break and two fifteen-minute breaks. The agreement states that the twenty-minute break is unpaid and that ten minutes of the two fifteen-minute breaks (e.g., five minutes per break) are unpaid. See Collective Bargaining Agreement (attached to the original complaint as Exhibit 1) § 6.04. A group of employees in the bargaining unit have filed this lawsuit, alleging that under Wisconsin law they are entitled to compensation for all the time they spent on these breaks between February 15, 2009 and February 6, 2011.

C & D has moved to dismiss the complaint, arguing that because Wisconsin rather than federal law supplies the plaintiffs' cause of action federal subject matter jurisdiction

is lacking. In response to this motion, plaintiffs offer a convoluted jurisdictional argument that requires some explaining. As part of this argument, plaintiffs concede that their cause of action for unpaid wages is supplied by Wisconsin law – specifically, Wisconsin Statute § 109.03(5), which gives an employee a right of action against her employer for unpaid wages. Plaintiffs also concede that the substantive law entitling them to wages for all time they spent on breaks shorter than thirty minutes is supplied by Wisconsin law – specifically, Wisconsin Administrative Code DWD §§ 272.12(2)(c) & 274.02(3). However, plaintiffs contend that in order to calculate the amount of damages to which they are entitled under Wisconsin law – i.e., to determine how much plaintiffs should have been paid for the break time that C & D counted as unpaid time – a court will have to interpret the provisions of the collective bargaining agreement relating to wages, rates of pay and fringe benefits. Plaintiffs contend that the need to interpret these provisions of the collective bargaining agreement brings a <u>part</u> of this case (the damages part) within the scope of Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), which gives district courts original jurisdiction over suits for breach of a collective bargaining agreement. Plaintiffs then contend that I may exercise supplemental jurisdiction over the remainder of the case (the merits part) pursuant to 28 U.S.C. § 1367.[1]

The heart of plaintiffs' jurisdictional argument is that the need to interpret the collective bargaining agreement in the course of calculating damages under Wisconsin law triggers federal jurisdiction, but plaintiffs' theory as to why this is so is vague. They seem to be saying that the need to interpret the collective bargaining agreement when calculating

---

[1] Plaintiffs have not alleged that I may exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332.

damages transforms this case into one for breach of the agreement, and that therefore federal jurisdiction exists under Section 301(a). Yet, plaintiffs concede that there has been no breach of the collective bargaining agreement, since the agreement allows breaks shorter than thirty minutes to be unpaid. Although plaintiffs claim that Wisconsin law renders these provisions of the collective bargaining agreement "null and void," they do not go on to argue that this means that C & D has breached the collective bargaining agreement, thus giving them a cause of action under § 301(a). Instead, they argue that their cause of action arises under the Wisconsin Statutes and Administrative Code.

Whether or not plaintiffs meant to argue that their claim is one for breach of the collective bargaining agreement, it is clear that it is not such a claim. Claims for breach of a collective bargaining agreement are governed by the federal law of labor contracts, Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 456-57 (1957), and under federal law parties are free to agree to unpaid short breaks. So as a matter of federal law C & D has not breached the collective bargaining agreement. Nontheless, Wisconsin law provides an independent source of rights, and if Wisconsin law requires C & D to pay plaintiffs for their short breaks, C & D can't use the collective bargaining agreement as a defense to a claim brought under Wisconsin law. Spoerle v. Kraft Foods Global, Inc., 614 F.3d 427, 430 (7th Cir. 2010) ("Nothing that labor and management put in a collective bargaining agreement exempts them from state laws of general application."). However, this does not mean that Wisconsin law erases the words in the collective bargaining agreement stating that short breaks are unpaid, such that plaintiffs can claim that the agreement actually requires payment for such breaks and that C & D has breached the agreement by refusing to pay.

Section 301(a) confers original subject matter jurisdiction only over "suits for violation of contracts," and "suits for violation of contracts" does not mean any case that might in some way involve interpreting a collective bargaining agreement. Textron Lycoming Reciprocating Engine Div. v. United Auto., Aerospace & Agric. Implement Workers, 523 U.S. 653, 656-58 (1998). Rather, it means "suits that claim a contract has been violated." Id. at 657. As explained, plaintiffs do not and cannot claim that the collective bargaining agreement has been violated,[2] and thus § 301(a) does not provide a basis for federal jurisdiction, even though this case might at some point require a court to interpret the collective bargaining agreement.

The parties do not acknowledge Textron in their briefs; instead, they argue over the meaning of cases dealing with § 301's preemption of state-law claims. Plaintiffs argue that the need to interpret the collective bargaining agreement to calculate damages brings this case within the preemptive scope of § 301, while defendant argues that it does not. That the parties have taken these positions is surprising. One would think that the defendant would be arguing that plaintiffs' state-law claims are preempted by federal law and that plaintiffs would be arguing that they are not, since if plaintiffs are right and their claims are preempted their claims would have to be dismissed on the merits. See Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220-21 (1985). Lucky for plaintiffs, it turns out that they are wrong. As the Supreme Court explained in Lingle v. Norge Division of Magic Chef, Inc.:

> A collective-bargaining agreement may, of course, contain information such as rate of pay and other economic benefits that might be helpful in

---

[2]I also note that if plaintiffs had claimed that C & D had violated the collective bargaining agreement, their claim would have to be grieved pursuant to the grievance procedures established in the agreement. See Collective Bargaining Agreement, Article 3.

4

> determining the damages to which a worker prevailing in a state-law suit is entitled. Although federal law would govern the interpretation of the agreement to determine the proper damages, the underlying state-law claim, not otherwise pre-empted, would stand. Thus, as a general proposition, a state-law claim may depend for its resolution upon both the interpretation of a collective-bargaining agreement and a separate state-law analysis that does not turn on the agreement. In such a case, federal law would govern the interpretation of the agreement, but the separate state-law analysis would not be thereby pre-empted.

486 U.S. 399, 413 n.12 (1988) (internal citation omitted). Thus, although federal law would govern any interpretation of the collective bargaining agreement that a state court might need to make in the course of determining plaintiffs' damages, the need to make such an interpretation does not mean that plaintiffs' state-law claims are preempted.[3] Indeed, state courts are allowed to interpret collective bargaining agreements, provided they apply federal rather than state law when doing so, Teamsters v. Lucas Flour Co., 369 U.S. 95, 102 (1962); Charles Dowd Box Co. v. Courtney, 368 U.S. 502 (1962), and so the need for a state court to interpret the collective bargaining agreement in the course of calculating plaintiffs' damages under state law poses no threat to the uniformity of federal labor law and would not "frustrate the federal labor-contract scheme established in § 301." Allis-Chalmers, 471 U.S. at 209. There is therefore no reason to find plaintiffs' state-law claims preempted, and plaintiffs have not defeated their own claims by trying to use preemption as a basis for federal jurisdiction under § 301.

---

[3] Citing Lingle, plaintiffs argue that a claim is preempted whenever a court must "interpret" rather than merely "refer to" a collective bargaining agreement, and that therefore their claims are preempted. However, as the excerpt quoted in the text makes clear, Lingle does not hold that a state-law claim is preempted whenever a court must interpret a collective bargaining agreement in the course of calculating damages.

Although § 301(a) does not provide a basis for subject matter jurisdiction over this case, an argument could be made that this action "arises under" federal law within the meaning of 28 U.S.C. § 1331. Federal-question jurisdiction under § 1331 is usually invoked by plaintiffs pleading causes of action under federal law, and as explained, plaintiffs in the present case have not pleaded a federal cause of action. However, § 1331 also provides jurisdiction over state-law causes of action that "implicate significant federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). Thus, plaintiffs could have argued that applying the federal law of collective-bargaining-agreement interpretation in the course of calculating damages under state law would raise significant federal issues, and that therefore jurisdiction exists under § 1331. However, plaintiffs have not made this argument, and for this reason I may not exercise jurisdiction under § 1331. See Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 810 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.") In any event, plaintiffs had good reason for not making this argument, in that it is exceedingly unlikely that the need to apply federal law in the course of calculating damages in this case would raise significant federal issues – that is, federal issues that are "contested" and "substantial" and that indicate "a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Grable & Sons, 545 U.S. at 313.

## CONCLUSION

For the reasons stated, § 301(a) of the Labor Management Relations Act does not provide a basis for federal jurisdiction in this case, and therefore plaintiffs' complaint must be dismissed for lack of subject matter jurisdiction. Because it does not appear that the

complaint could be amended to state a claim over which I would have jurisdiction, this action will be dismissed in its entirety for lack of subject matter jurisdiction.[4]

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**. The Clerk of Court shall enter final judgment.

**IT IS FURTHER ORDERED** that defendant's motion to reopen this case is **GRANTED** to the extent that for statistical purposes this case shall be considered to have been open between April 15, 2011 and today's date.

**FINALLY, IT IS ORDERED** that plaintiffs' motion to file a second amended complaint for purposes of attaching a copy of the collective bargaining agreement to the amended complaint is **DENIED** as **MOOT**.

Dated at Milwaukee, Wisconsin, this 23rd day of June, 2011.

s/ Lynn Adelman
LYNN ADELMAN
District Judge

---

[4] In their brief, plaintiffs ask me to "rule that the plaintiffs' response to the defendant's motion to dismiss does not constitute commencement of a wage and hour lawsuit, as those terms are used in [Wisconsin Statute] § 109.11(2)." (Br. at 8.) Because I do not have jurisdiction over plaintiffs' claims, I may not make any rulings on the merits of such claims, and so this request is denied.

7