# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**EDMUND WILLIAMS, et al.,**
   **Plaintiffs,**

  v.              Case No. 11-C-0171

**C & D TECHNOLOGIES, INC.,**
   **Defendant.**

---

## DECISION AND ORDER

This opinion addresses plaintiffs' motion for reconsideration of my dismissal of their claims for lack of subject matter jurisdiction. The underlying dispute arises out of a collective-bargaining agreement between C & D Technologies, Inc., and the employees of C & D's power-systems division, who are represented by the United Steelworkers. The agreement states that certain portions of plaintiffs' fifteen- and twenty-minute breaks are unpaid. (See CBA, Compl. Ex. 1, § 6.04.) However, under Wisconsin wage and hour law, an employer must treat all breaks of less than thirty minutes as paid time. See Wis. Admin. Code DWD §§ 272.12(2)(c) & 274.02(3). Through this lawsuit, plaintiffs seek to recover the wages and other economic benefits that they would have received had all their break time been counted as compensable time in accordance with Wisconsin law.

In the complaint, plaintiffs alleged that they were bringing their claims pursuant to Wisconsin Statute § 109.03(5), which gives an employee a cause of action against his employer for unpaid wages. On its own, this claim would not provide a basis for federal-question jurisdiction, and plaintiffs did not allege that diversity jurisdiction was present. However, when C & D moved to dismiss the case for lack of subject matter jurisdiction,

plaintiffs responded by arguing that jurisdiction was proper under § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, which gives district courts original jurisdiction over suits alleging breach of a collective-bargaining agreement. See Textron Lycoming Reciprocating Engine Div. v. United Auto., Aerospace & Agric. Implement Workers, 523 U.S. 653, 656-58 (1998). But as I explained when I granted C & D's motion to dismiss, C & D had not breached any provision of the collective-bargaining agreement by failing to compensate plaintiffs for their short breaks. Rather, the agreement allowed C & D to treat plaintiffs' break time as unpaid time, and it was only by bringing a separate claim under Wisconsin law that plaintiffs could recover compensation for this time.

Nonetheless, plaintiffs insisted that their state-law claims arose under § 301. This was so, argued plaintiffs, because a court considering such claims would need to interpret provisions of the collective-bargaining agreement relating to hourly pay, overtime pay, and vacation time in the course of determining the amount of compensation that plaintiffs would have earned had all their break time been counted as compensable time. However, as I explained in my prior opinion, § 301 does not create federal jurisdiction over any claim that involves the interpretation of a collective-bargaining agreement. Instead, the claim must be one involving a breach of a collective bargaining agreement. Textron, 523 U.S. at 656-58.

Plaintiffs then turned to cases involving the preemptive scope of § 301. They argued that the need to interpret the collective-bargaining agreement in the course of resolving their state-law claims resulted in preemption of those claims. In making this argument, plaintiffs seemed to be trying to defeat their own claims, since if their state-law claims were preempted

by § 301 they would have had to be dismissed. In any event, as I explained in my prior opinion, § 301 did not preempt plaintiffs' state-law claims.

Plaintiffs then filed their motion for reconsideration and again insisted that their state-law claims were preempted because they required interpretation of a collective-bargaining agreement. Upon receipt of this motion, I scheduled oral argument and instructed plaintiffs to be prepared to explain exactly how they could obtain any relief for C & D's failure to treat their break time as compensable time if their state-law claims were preempted and C & D had not breached the collective-bargaining agreement. At oral argument, plaintiffs continued to assert that their state-law claims were preempted. However, they denied that this meant that they could not obtain any relief against C & D. In their view, they are entitled to relief under § 301 because C & D's failure to treat their break time as compensable time was a breach of the collective-bargaining agreement. They get to this result by claiming that because the provision of the agreement stating that short breaks are unpaid is "illegal" under Wisconsin law, it must be deleted from the contract altogether, with the result that in failing to treat short breaks as paid time C & D breached the "legal" portions of the agreement. This argument is fairly ridiculous and rests on a misunderstanding of what happens when a contractual provision is deemed unenforceable on the ground that it is "illegal." Although it is true that as a matter of federal labor-contract law a court will not enforce an illegal contractual provision, see Kaiser Steel Corp. v. Mullins, 455 U.S. 72, 77 (1982), illegality is a defense to a suit for breach of contract, not a basis for an independent suit. See Cox v. Zale Delaware, Inc., 239 F.3d 910, 914 (7th Cir. 2001); see also Scheiber v. Dolby Labs., Inc., 293 F.3d 1014, 1022 (7th Cir. 2002); Fed. R. Civ. P. 8(c)(1) (listing "illegality" as an affirmative defense). Thus, plaintiffs

cannot use the clause's illegality to establish a breach of the collective-bargaining agreement. C & D complied with all terms in the agreement, and the fact that one of those terms turns out to be inconsistent with state law is not grounds for retroactively characterizing C & D's actions as having been in breach of the agreement.[1]

Since C & D has not breached the collective-bargaining agreement, the remaining question is whether plaintiffs' state-law claims are preempted. I briefly explained that they are not in my prior opinion, but I think it is useful to offer some additional analysis here. Again, plaintiffs' argument is that their state-law claims are preempted because a court will need to interpret the collective-bargaining agreement for the purpose of determining the compensation that plaintiffs would have received had C & D counted all their break time as compensable time. This argument is based on cases stating that a state-law claim is preempted whenever a court

---

[1] In arguing that their view of the illegality concept is correct, plaintiffs cite language in Allis-Chalmers Corp. v. Lueck, 471 U.S. 202 (1985) and Spoerle v. Kraft Foods Global, Inc., 614 F.3d 427 (7th Cir. 2010). Allis-Chalmers states that "§ 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law," 471 U.S. at 212, while Spoerle states that collective-bargaining agreements must be "ignored" to the extent that they contradict state laws of general application, 614 F.3d at 430. Plaintiffs argue that these statements stand for the proposition that when a collective-bargaining agreement contains a provision that violates state law, that provision must be deleted from the contract, allowing a plaintiff to retroactively characterize the defendant's behavior as a breach of the now-modified contract. This argument takes the language in Allis-Chalmers and Spoerle out of context. In those cases, the courts were discussing the extent to which federal law preempts state laws that affect labor relations. The point being made in the quoted passages is that federal labor-contract law does not preempt state laws establishing minimum labor standards, and so the parties' agreement in a labor contract to something that is contrary to one of those standards does not immunize them from a state-law claim alleging a violation of the standard. Thus, in the present case, C & D cannot use the existence of the collective-bargaining agreement as an affirmative defense to defeat plaintiffs' state-law wage claims. But this does not mean that in addition to their state-law claims plaintiffs have a claim for breach of the collective-bargaining agreement. The agreement has not been breached, and so any remedy must be supplied as a matter of state statutory law.

4

must "interpret" a collective-bargaining agreement rather than merely "refer to," "consult" or "look to" that agreement in the course of resolving the claim. See Livadas v. Bradshaw, 512 U.S. 107, 124-25 (1994); Baker v. Kingsley, 387 F.3d 649, 657 (7th Cir. 2004); Atchley v. Heritage Cable Vision Assocs., 101 F.3d 495, 499-500 (7th Cir. 1996). The defect in plaintiffs' reasoning is in taking the language of these cases out of context and turning them into a general rule stating that a claim is preempted whenever a collective-bargaining agreement will have to be interpreted for any purpose whatsoever. As explained below, it is only when a court must apply state-law interpretative principles to the terms of a collective-bargaining agreement or interpret the agreement for the purpose of determining whether it has been breached that the state-law claim is preempted.

The cases identify two concerns that underlie § 301 preemption: that terms in a collective-bargaining agreement "be subject to uniform federal interpretation," Allis-Chalmers v. Lueck, 471 U.S. 202, 211 (1985), and that claims alleging breach of a collective-bargaining agreement be resolved through informal grievance procedures (including arbitration) rather than litigation in court, id. at 219-20. The first concern requires preemption of a state-law claim in which state law purports to determine the meaning of terms in a collective-bargaining agreement. See Livadas, 512 U.S. at 122-23 (preemption is required when necessary to prevent state laws from "purporting to determine" the meaning of collective-bargaining agreements); Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 409 (1988) ("§ 301 pre-emption merely ensures that federal law will be the basis for interpreting collective-bargaining agreements"); Allis-Chalmers, 471 U.S. at 210 ("A state rule that purports to define the meaning or scope of a term in a contract suit therefore is pre-empted by federal

labor law."); id. at 214 n.9 (a state-law claim is preempted when it "would allow the State to provide a rule of decision where Congress has mandated that federal law should govern"). The second concern requires preemption when the plaintiff's right to relief under state law depends on establishing a breach of the collective-bargaining agreement. See Livadas, 512 U.S. at 123 (parties must not be permitted "to renege on their arbitration promises by 'relabeling' as tort suits actions simply alleging breaches of duties assumed in collective-bargaining agreements"); Allis-Chalmers, 471 U.S. at 219 (state-law claim is preempted when allowing it to survive "would allow essentially the same suit to be brought directly in state court without first exhausting the grievance procedures established in the bargaining agreement").[2] Thus, when courts talk about a state-law claim being preempted because it involves "interpreting" a collective-bargaining agreement, they mean that the state-law claim either involves applying state-law principles of interpretation to a collective-bargaining agreement or allows a plaintiff to bypass arbitration over a claim for breach of the agreement.

In contrast, the need to interpret a collective-bargaining agreement for other purposes in the course of adjudicating a state-law claim does not result in preemption. Thus, a court may interpret the collective-bargaining agreement in order to calculate a plaintiff's damages under state law or to establish other facts that are relevant to the state-law inquiry. Interpreting

---

[2]Note that preemption is not required simply because the same injury could be redressed through both a suit under state law and a suit for breach of the collective-bargaining agreement. As the Court held in Lingle, when the collective-bargaining agreement provides a remedy for conduct that coincidentally violates state law, the state-law claim is not preempted, since in such a case the plaintiff's right to relief under state law is independent of the collective-bargaining agreement. 486 U.S. at 412-13. The state-law claim is preempted only when establishing a violation of the collective-bargaining agreement is a prerequisite to obtaining relief under state law.

the collective-bargaining agreement for these purposes would not implicate either of the concerns underlying § 301 preemption. First, in interpreting the agreement for these purposes, the court would apply federal law, Livadas, 512 U.S. at 124 n.17; Lingle, 486 U.S. at 413 n. 12, and thus no state-law principles would be applied to the terms of a labor contract. Second, because the court would not be interpreting the agreement in order to determine whether it has been breached, the court would not be providing an alternative to arbitration. Accordingly, contrary to plaintiffs' argument, the need to interpret a collective-bargaining agreement in the course of resolving a state-law claim does not automatically result in preemption. See Livadas, 512 U.S. at 124 n.17 ("§ 301 does not disable state courts from interpreting the terms of collective-bargaining agreements in resolving non-pre-empted claims"); Lingle, 486 U.S. at 413 n.12 ("[A]s a general proposition, a state-law claim may depend for its resolution upon both the interpretation of a collective-bargaining agreement and a separate state-law analysis that does not turn on the agreement. In such a case, federal law would govern the interpretation of the agreement, but the separate state-law analysis would not be thereby pre-empted.").[3]

---

[3]In their motion for reconsideration, plaintiffs emphasize the Seventh Circuit's decisions in Baker and Atchley. In both of these cases, the Seventh Circuit found that the need to interpret a collective-bargaining agreement resulted in the preemption of state-law wage claims. However, in these cases, preemption was required because in interpreting the agreement the court would have been deciding whether or not the defendant had breached the agreement. In Baker, interpretation was required to determine whether the defendant had breached the collective-bargaining agreement by failing to pay wage supplements to employees who were terminated as a result of the defendant's bankruptcy. 387 F.3d at 658-59. Only if plaintiffs established this breach could they have succeeded on their claim under the Illinois Wage Act. Similarly, in Atchley, interpretation was required to determine whether the defendant had breached the collective-bargaining agreement by failing to pay wage increases and bonuses by a certain time. 101 F.3d at 499-500. Only if plaintiffs established this breach could they have succeeded on their claim under the Indiana wage-payment law.

In the present case, a court can resolve plaintiffs' state-law claims without either applying state-law principles to the terms of a collective-bargaining agreement or determining whether C & D breached the agreement. Whether C & D violated state law by failing to pay plaintiffs for their short breaks is entirely a question of state law. Assuming the court finds a violation of state law, the court may need to read the collective-bargaining agreement for the purpose of calculating damages – i.e., for the purpose of determining the additional hourly wages, overtime pay, and vacation time that plaintiffs would have earned had their break time been counted as compensable time. If the court finds that it must interpret the agreement for these purposes, it will apply federal law when doing so. Livadas, 512 U.S. at 124 n.17; Lingle, 486 U.S. at 413 n. 12. Finally, plaintiffs' right to relief under state law does not depend on their establishing a breach of the collective-bargaining agreement. In determining whether C & D is liable under state law, the court will simply ignore the agreement. See, e.g., Spoerle, 614 F.3d at 430. Accordingly, § 301 does not preempt plaintiffs' state-law claims.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiffs' motion for reconsideration is **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of August, 2011.

s/ Lynn Adelman
LYNN ADELMAN
District Judge